**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7561**

LEON CHEATHAM,

　　　　　　Plaintiff – Appellant,

　　　v.

WILLIAM MUSE, Chairman; HAROLD W. CLARKE, Director,

　　　　　　Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:13-cv-01082-CMH-JFA)

Submitted: January 31, 2014　　　Decided: February 18, 2014

Before DUNCAN, SHEDD, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Leon Cheatham, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Cheatham, a Virginia prisoner, filed an action under 42 U.S.C. § 1983 (2012) claiming that the Virginia Parole Board ("Board") had improperly found him ineligible for parole. The district court ruled that Cheatham's claim could not be brought in a § 1983 action and instead needed to be pursued in a 28 U.S.C. § 2254 (2012) petition. See Cheatham v. Muse, No. 1:13-cv-01082-CMH-JFA (E.D. Va. filed Aug. 30 & entered Sept. 4, 2013). On appeal, Cheatham argues that his claim is cognizable under § 1983. We vacate and remand for further consideration of his complaint.

Cheatham claims that the Board improperly concluded that he was ineligible for parole consideration. Thus, if Cheatham succeeded on his complaint, it would, at most, have resulted in a parole hearing where the Board would have full discretion to deny parole. Because Cheatham's claim would not necessarily result in a speedier release, it does not lie at "the core of habeas corpus" and, therefore, may be pursued in a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).

Accordingly, we vacate the district court's dismissal order and remand for further proceedings.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*] We recognize that Cheatham currently has a very similar case pending in district court. <u>See</u> <u>Cheatham v. Muse</u>, NO. 1:13-cv-00320-CMH-TRJ. While these two cases may be duplicative, we leave that question for the district court to decide in the first instance. If the district court determines that the cases are duplicative, it may either consolidate them or dismiss this case.